UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHERLY CADET,<br><br>                         Plaintiff,<br><br>             -v.-<br><br>ALLIANCE NURSING STAFFING OF NEW YORK, INC.,<br><br>                         Defendant. | 21 Civ. 3994 (KPF)<br><br>**ORDER OF SERVICE** |

KATHERINE POLK FAILLA, District Judge:

Plaintiff, who appears *pro se*, asserts claims under 42 U.S.C. § 1981 and the New York City Human Rights Law. She sues her former employer, Alliance Nursing Staffing of New York, Inc. ("Alliance"). The Court liberally construes the complaint as also asserting claims under the New York State Human Rights Law.

By order dated June 7, 2021, the Chief Judge Swain granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). (Dkt. #6). The Court directs service on Alliance.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker* v. *Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process … in [IFP] cases."); Fed. R. Civ. P. 4(c)(3). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within

90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served a summons and the complaint on Alliance until the Court reviewed the complaint and ordered that a summons be issued for Alliance. The Court therefore extends the time to serve Alliance with the complaint until 90 days after the date that a summons is issued for Alliance.  If the complaint is not served on Alliance within that time, Plaintiff should request an extension of time for service.  *See Meilleur* v. *Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray* v. *Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service of the complaint on Alliance through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Alliance.  The Clerk of Court is further instructed to issue a summons for Alliance and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service of the summons and the complaint on Alliance.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this Order to Plaintiff, together with an information package.

The Court grants Plaintiff's motion for permission for electronic case filing. (*See* Dkt. #5). The Clerk of Court is directed to terminate the motion pending at docket entry 5.

The Court also directs the Clerk of Court to: (i) issue a summons for Alliance, (ii) complete a USM-285 form with the service address for Alliance, and (iii) deliver all documents necessary to effect service of a summons and the complaint on Alliance to the U.S. Marshals Service.

SO ORDERED.

Dated:  June 9, 2021
        New York, New York

KATHERINE POLK FAILLA
United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

Alliance Nursing Staffing of New York, Inc.
252 West 37th Street, Suite 600W
New York, New York 10018