UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK (MANHATTAN DIVISION)

| | |
|---|---|
| SHERLY CADET,<br><br>                    Plaintiff,<br><br>-v-<br><br><br><br>ALLIANCE NURSING STAFFING OF NEW YORK, INC.<br><br>                    Defendant | **PLAINTIFF SHERLY CADET'S CROSS-MOTION RESPECTFULLY ASKING THE HON. COURT TO ORDER DISCLOSURE PURSUANT TO RULE 26(a)(1)(A)(iv) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br><br><br>Case No. 21-cv-3994 |

To the *Hon. Justice Katherine Polk Failla,*

I respectfully and humbly thank the Hon. Court for the opportunity to address Defendant Alliance's request for the Hon. Court to compel me to participate in a settlement conference with a Magistrate Judge or mediation through this district Court's mediation program.

I do not consent to either request made by Defendant Alliance because the Defendant is not making this offer in good faith, as far as I can observe. While it is true that Defendant Alliance has sent me several emails about the possibility that they may be interested in settling this matter, Defendant Alliance has not communicated to me what this settlement proposal involves as Defendant Alliance has not made a monetary offer, instead they have been insisting that we (both parties) go before a Magistrate Judge or a mediator to blindly discuss whatever offer it is that they intend to present. I have repeatedly explained to Defendant Alliance that I am not interested in these empty promises of settlement without a real concrete underlying offer. After all, there is no use going for a mediation if there is nothing to mediate in the first place.

To this end, on December 2nd, 2022, I sent Defendant Alliance an email asking for disclosure pursuant to Rule 26(a)(1)(A)(iv) of the Federal Rules of Civil Procedure to determine who it is that I am negotiating with, and I also asked Defendant Alliance to present me with a concrete offer in writing if they are attempting, in good faith, to resolve this matter with me. To this day, I have not heard from Defendant Alliance about this request for disclosure, which is a mandatory disclosure pursuant to the rule. The following were the questions I asked Defendant Alliance to respond to:

1. Who is Greenwald Doherty, LLP's client? Is it Defendant Alliance or an insurance company?
2. Who is responsible to cover damages in this lawsuit? Is it Defendant Alliance or an insurance company?
3. If it is an insurance company, what is its name, location, along with any relevant contact information?
4. If it is an insurance company, is the insurance company responsible to cover damages for worker's compensation or intentional discrimination by the employer?
5. If it is an insurance company, please provide for inspection a copy of any insurance agreement under which the insurance company will be liable to pay out on behalf of Defendant Alliance.
6. Finally, if there is a genuine offer to settle on the table, make it available for me to review and please indicate if it is from Defendant Alliance or if it is from the insurance company.

Prior to any settlement conversation, I believe that it is my right to learn the answer to these questions. As such, I am respectfully and humbly asking the Hon. Court to Order Defendant Alliance to comply with my request for disclosure no later than December 14th, 2022 as these disclosures should have been made by Defendant Alliance automatically by now, especially since I have already complied with the initial disclosure requirement by voluntarily releasing all voice recordings for exhibits A, B, C, and D to Defendant Alliance in good faith. I respectfully and humbly thank the Hon. Court for its time.

Dated: December 7th, 2022
New York, NY

*Sherly Cadet*
Plaintiff Sherly Cadet (pro se)
P.O. Box 390
New York, NY 10040
(347) 323-5946
SherlyCadet1@Outlook.com

Application DENIED.  The Court now understands that at this time Plaintiff
does not wish to be referred to a magistrate judge for a settlement conference
or to the District's Mediation Program.  The parties should not discuss the
specifics of their settlement negotiations with the Court, and the Court will
disregard Plaintiff's above representations about such discussions.

The Court will not order Defendant to comply with Plaintiff's requested
disclosures by December 14, 2022.  (Dkt. #58 at 1-2).  On November 30, 2022,
the Court entered a case management plan in this case, which plan allows the
parties to make their initial disclosures by December 30, 2022.  (Dkt. #55 at
1).  Now that a case management plan is in effect, the Court expects the
parties to adhere to its deadlines, and the Court will not unnecessarily weigh
in on discovery disputes.  If discovery disputes arise, which the Court hopes
is not the case, the parties are expected to attempt to work through any
issues before they seek this Court's intervention.  This is especially so when
a party still has time to comply with the deadlines set in the case management
plan.

The Clerk of Court is directed to terminate the pending motion at docket entry
58.  If both parties consent to either referral to a magistrate judge for a
settlement conference or to the District's Mediation Program, they may apprise
the Court at a later date.

Dated:     December 8, 2022
           New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

3