**UNITED STATES DISTRICT COURT**
**SOUTNERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

SHERLY CADET

                       Plaintiff,

        v.

ALLIANCE NURSING STAFFING OF NEW YORK, INC.,

                      Defendant.

---------------------------------------------------------------X

No. 21 Civ. 3994

**STIPULATION AND ORDER REGARDING CONFIDENTIAL INFORMATION**

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and ensure that confidential material is protected, *pro se* Plaintiff Sherly Cadet ("Plaintiff") and Defendant ALLIANCE NURSING STAFFING OF NEW YORK, INC. ("Defendant" or "Alliance") have agreed that the following Stipulation and Order Regarding Confidential Information (the "S&O") be entered to govern the handling of Confidential Material (as defined below) produced in this Litigation (as defined below). The parties hereby agree to be bound by the terms of this S&O and agree that this S&O is enforceable as a stipulation unless and until superseded by the Court's entry of this as an Order.

**WHEREAS**, the parties acknowledge that certain information being sought in discovery and/or contained in documents being sought in discovery and/or to be presented at the Court is of a confidential nature;

**WHEREAS**, the parties have agreed to this stipulation to permit Plaintiff and Defendant to exchange and discover and present information deemed confidential pursuant to procedures protecting the confidentiality of such information notwithstanding their production, consistent with the terms of this S&O;

1

**WHEREFORE, IT IS HEREBY STIPULATED BY THE PARTIES AND ORDERED BY THE COURT, THAT**:

1. The term "Litigation" shall mean the above-captioned case.

2. The terms "party" or "parties" mean any person who is party to the Litigation.

3. The term "Court" refers to the United States District Court in the Southern District of New York as assigned in the above-captioned case.

4. "Confidential Information" as used herein, means any type or classification of sensitive, non-public information designated as confidential by a party, whether it be a document, information contained in a document, information revealed in a response to a request for information, documents obtained from any non-party, or any other form of information, including but not limited to: (i) proprietary, trade secret or sensitive business information (including, without limitation, financial information, internal policies, practices or procedures, contracts or agreements or discussion regarding contracts or agreements, and non-public information concerning present or former clients of Defendant) or any extracts or summaries thereof; (ii) personal or personnel information including, but not limited to, personnel files, performance evaluations, social security numbers, salary and compensation information, tax documents, home addresses and home telephone numbers not publicly available, medical records or health-related information, or any extracts or summaries thereof; or (iii) investigative notes, memoranda, and related documents.

5. "Qualified Person" as used herein means: (a) counsel for the parties (as applicable) in the Litigation who are actively engaged in the conduct of the Litigation (both outside and in-house counsel employed by a party) and secretarial, paralegal, technical, and clerical persons

(including outside vendors or service providers) assisting them in the conduct of the Litigation; (b) any expert, expert's staff or third party, retained or consulted for purposes of potential retention by a party or a party's counsel for the purpose of assisting in this Litigation; (c) current employees of Defendant and/or any of its present or former parents, subsidiaries, affiliates, predecessors, successors, and/or related entities, provided that such employees are engaged in assisting in the preparation for this Litigation; (d) Plaintiff; (e) the Court and its employees, the triers of fact, and court reporters transcribing testimony herein (whether during the course of deposition or trial testimony) and notarizing officers; (f) in connection with any appeal, any court and court personnel; (g) testifying fact witnesses and their counsel (as applicable), during their testimony, whether during a deposition or at trial, and in preparation for such testimony reasonably prior thereto, to the extent deemed reasonably necessary by a party or a party's counsel, and provided that any such witnesses and their counsel may not retain such documents or copies, summaries, or extracts thereof; (h) persons whom a party or a party's counsel believes may testify as a fact witness, provided that the party or counsel for the party has a good-faith basis to believe that such confidential information is relevant to specific events, transactions, or communications about which the person may testify, and further provided that any such persons and their counsel may not retain such confidential documents or copies, summaries, notes, or extracts thereof; (i) the author(s) or recipient(s) of the Confidential Information, and (j) any third-party mediator or neutral selected by the parties or assigned by the Court, including the administrative staff for the mediator or neutral. Subject to the limitations set forth by this S&O, any Qualified Persons receiving Confidential Information may retain documents containing Confidential Information through the final termination of this Litigation by judgment, including appeal, or by compromise and settlement. Thereafter, the party that provided the Confidential Information to such Qualified Persons will request that the

Confidential Information to be returned to the party producing it to be disposed of according to Paragraph 19 below.

6. Parties or their Counsel shall designate documents, information, or discovery materials as Confidential Information: (i) by marking or stamping such documents, information, or discovery materials with the word "CONFIDENTIAL" in a manner that will not interfere with legibility or audibility; (ii) by written statement of counsel for the producing party at the time of, prior to, or after production that the document or material is to be treated as Confidential Information; (iii) by agreement in writing between the producing and receiving parties at any time; or (iv) with respect to depositions, in accordance with the procedures set forth in paragraph 7 below. Nothing herein shall prevent either party from requesting, subject to an order of the Court, that the Court hold any conference or hearing under seal or seal or redact any transcript of such hearing or conference in this Litigation. The opposing party has the right to oppose such a request.

7. A party or non-party may designate specific information disclosed during a deposition as Confidential Information by so indicating on the record at the deposition. Additionally, a party or non-party may designate in writing within thirty (30) days after receipt of the deposition transcript for which the designation is made, that specific pages of a transcript made by a party or the non-party deponent be treated as Confidential Information. The designating party (or Counsel for the designating party) shall provide all parties with replacement copies of the designated transcript(s) in which the Confidential Information is so marked.

8. Henceforth, pleadings, motion papers, or other filings that disclose Confidential Information filed in this Litigation shall automatically be deemed subject to the terms of this S&O and shall be filed in a manner designed to protect such information from disclosure, in accordance with the assigned Judge's Individual Rules for filing under seal. If the receiving party

disputes a confidential designation, such party may proceed in accordance with the procedure described in Paragraph 10 below.

9. Access to/disclosure of Confidential Information shall be limited only to Qualified Persons. Prior to the disclosure of any Confidential Information to any individual other than the parties and/or any other Qualified Person pursuant to the provisions of Paragraphs 5, such individual must execute an Acknowledgment in the form attached hereto as **Exhibit A**. The originals of each such Acknowledgment shall be maintained in the files of the receiving party or their counsel, and a copy shall be provided to the Court and to disclosing party in the event a dispute arises over the disclosure of Confidential Information.

10. In the event that the parties have any dispute regarding matters covered by this S&O (e.g., a designation of certain information or document as "Confidential Information"), the parties shall first confer and attempt to resolve the dispute informally. If they are unable to do so, an application may be made to the Court for a determination as to the dispute. In the event that the dispute concerns whether particular documents or other information should be treated as Confidential Information. The information/document in question shall be treated as originally designated as confidential by the disclosing party, subject to the terms of this S&O, until otherwise agreed to by the parties or ordered by the Court. A party shall not be obligated to challenge the propriety of a designation as Confidential Information at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. The burden of proof shall be on the party designating the document(s) and/or information as confidential to establish that the documents or information in question are entitled to such confidential treatment. In the interim, the designated material shall be deemed Confidential Information until the issue is resolved by the Court or by the parties' agreement. Notwithstanding anything to the contrary that may be set forth herein, each producing

person shall have the right to object to any discovery or to apply to the Court for an order granting other or additional protective relief with respect to confidential, proprietary or privileged material.

11.     In the event any party violates any provision of this S&O, the other party may seek applicable resolution or remedy from the Court, including without limitation, injunctive relief.

12.     The disclosure of any document or information without designating it as Confidential Information shall not constitute a waiver of the right to later so designate such document or information pursuant to the procedures set forth herein and, if so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this S&O. Upon notice to the receiving party of a failure to designate a document or information as Confidential Information, the receiving party shall cooperate to restore the confidentiality of the inadvertently disclosed information, without prejudice.

13.     Confidential Information obtained from a party or from a third party during the course of this Litigation may be used and disclosed only for purposes of the Litigation. No party or person shall make any other use of any such Confidential Information, including but not limited to use for commercial or competitive purposes or use in any other legal proceeding or in the press, except as permitted by an Order of the Court and/or a court of competent jurisdiction and/or agreement of the producing party. Nothing contained herein has any effect on, and the scope of the S&O shall not extend to, the use or disclosure of Confidential Information by the producing party.

14.     The parties' ability to designate information as confidential is intended solely to facilitate the disposition of this Litigation, and such designation shall not be construed in any way as an admission or agreement by any party receiving designated materials that such documents actually constitute and/or contain confidential, proprietary, sensitive information, or with respect to

the competency, relevance, materiality, admissibility, privilege, or immunity of any document or information so designated. This S&O shall not be construed as an agreement by either party to produce any documents or to supply any information and shall not constitute an admission that any document or information which may exist is relevant in any way to the issues raised in this proceeding.

15. Nothing herein shall be construed: (a) as preventing a party from using or continuing to use any information that is or becomes publicly known through no unauthorized act of such party; or (b) as preventing a party from using or continuing to use any information that is or becomes known to it if such information was or is lawfully obtained by such party other than through discovery of the producing party. Should a dispute arise as to any specific information or material, the party disputing the confidential designation shall have the burden of proving that such information or material is, or was, publicly known or lawfully obtained other than through discovery of the producing party.

16. If Confidential Information in the possession of any party is responsive to any subpoena or any order of the Court, or any other administrative, regulatory, self-regulatory or judicial body, or if any other person or tribunal purporting to have authority seeks such information by compulsory process, the party to whom the process or inquiry is directed shall, to the extent possible, give reasonable written notice of receipt of such process or inquiry to the producing party in advance of producing any Confidential Information except as set forth below. The party to whom the process or inquiry is directed may then produce Confidential Information in response to the process or inquiry on the date required unless the producing party obtains a stay of, or order quashing, the response or inquiry. Notwithstanding the foregoing or anything else contained herein, no non-disclosure provision in this S&O shall be construed to require a party to violate or refuse to

comply with valid orders of any court, or with the rules of procedure of any court.

17. The terms of this S&O shall be applicable to any additional party to this Litigation or third party who produces information in this Litigation designated as Confidential Information.

18. For the avoidance of doubt, this S&O shall not preclude the parties from using, in this Litigation, any Confidential Information.

19. Within thirty (30) calendar days of the conclusion of this Litigation (including appeals, if any), all Confidential Information and all documents containing designated confidential information, in the possession of any Qualified Person or any other person who has received such documents pursuant to this S&O, shall be destroyed or returned to the producing party, together with any copy, extract and/or summary thereof. Upon request, an attestation of destruction shall be provided to the disclosing party. Counsel for any party may retain a copy of all documents produced in this action in accordance with the Model Rules of Professional Conduct.

20. This S&O may be amended by further stipulation and order, or if the parties are unable to agree, by the Court on the application of a party.

21. Nothing in this S&O shall be construed as a waiver by either party of: (i) their right to object to any request for discovery; (ii) any defense asserted by any party; or (iii) any privilege or immunity.

22. The inadvertent disclosure of privileged material by a producing person (or their counsel) shall not constitute a waiver of any applicable privilege. Should a receiving person believe that another person inadvertently produced a privileged document, the receiving person shall promptly notify the producing person. The producing person who inadvertently discloses material the producing person claims to be covered by a privilege shall give notice promptly after

discovery of the inadvertent disclosure that the material is privileged, and the material shall be returned or destroyed on request of the producing person or their counsel. Persons in receipt of inadvertently disclosed privileged information shall not view the material upon receipt of notice of inadvertent disclosure from the producing person. In addition, the disclosure of Confidential Information pursuant to the procedures set forth in this S&O does not constitute a waiver of any trade secret or any intellectual property, proprietary, or other rights to, or in, such information. It is expressly acknowledged that no such right or interests shall be affected in any way by the production of information or documents designated Confidential Information in the Litigation.

23.   This S&O shall extend beyond the final conclusion of this Litigation, and shall remain in full force and effect until modified, superseded, or terminated by written agreement of the parties or an order from the Court.

SO STIPULATED AND AGREED:

Dated: 3/31/2023

*Sherly Cadet*

Sherly Cadet, Pro Se Plaintiff


Dated: 4/3/2023

*Kevin Doherty*

Kevin Doherty, Esq.
Greenwald Doherty LLP
Counsel for *Defendant Alliance Nursing Staffing of New York, Inc*

This confidentiality agreement does not bind the Court or any of its personnel.  The Court can modify this stipulation at any time.  The Court will retain jurisdiction over the terms and conditions of this agreement only for the pendency of this litigation.  Any party wishing to make redacted or sealed submissions shall comply with Rule 9 of this Court's Individual Rules of Civil Procedure.

```
Dated:     April 3, 2023                SO ORDERED.
           New York, New York
```

*[Signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE