UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHERLY CADET,

Plaintiff,

-v.-

ALLIANCE NURSING STAFFING OF NEW YORK, INC.

Defendant.

21 Civ. 3994 (KPF)

**ORDER**

---

KATHERINE POLK FAILLA, District Judge:

The Court is in receipt of two letter motions from Plaintiff: a 21-page "letter motion asking for leave to file a letter motion to amend the May 4, 2021 Complaint" (Dkt. #69) and a letter motion seeking a protective order to prevent Defendant from taking Plaintiff's deposition (Dkt. #70). The Court **DENIES** both motions.

The Court first begins with Plaintiff's motion for leave to file a motion to amend the Complaint. The Court extensively detailed Plaintiff's numerous post-motion to dismiss motions in its prior Order of April 12, 2023. (Dkt. #68). These motions have all been frivolous, untimely, or otherwise vexatious. (*Id.*). Plaintiff's present motion for leave to file a motion to amend is no different; in fact, the Court has previously denied a similar motion. (Dkt. #44 (denying Plaintiff's motion to add a count for libel *per se* to the Complaint)). Plaintiff offers a variety of proposed amendments: (i) to add that Ashley, the care manager at issue in the Complaint, is Asian; (ii) to add a claim for constructive discharge; (iii) to clarify her date of termination; (iv) to clarify

certain Section 1981 claims; (v) to add a cause of action for intentional infliction of emotional distress related to Defendant's sharing of Plaintiff's social security number with counsel in relation to her HIPAA release; and (vi) to add a claim for retaliation related to the same. (Dkt. #69 at 1-2). These claims are untimely and futile, and the Court will not permit Plaintiff to file an amended complaint on these grounds.

At the outset, Plaintiff's motion to amend is untimely. The cut-off date for amended pleadings was 90 days from the entry of the case management plan on November 30, 2022; that is, by February 28, 2023. (Dkt. #55). Although, as Plaintiff notes, the Court may excuse delay in certain circumstances, Plaintiff knew or was otherwise capable of knowing much of the information pertaining to her proposed amendments when the Complaint was first filed or in the ensuing two years. This is sufficient grounds for denying Plaintiff's request. *See, e.g.*, *Bloomfield Inv. Res. Corp.* v. *Daniloff*, No. 17 Civ. 4181 (VM), 2021 WL 2310446, at *3 (S.D.N.Y. June 7, 2021) (denying leave to amend because party "knew all of the information constituting his proposed amendments at the time the [c]omplaint and [answer] were first filed, yet he has not sought to include this information until now"); *Hernandez* v. *BMNY Contracting Corp.*, No. 17 Civ. 9375 (GBD), 2019 WL 418498, at *2 (S.D.N.Y. Jan. 17, 2019) (same); *Suro* v. *United States*, 107 F. Supp. 2d 206, 209 (E.D.N.Y. 2000) (same, and noting that discovery was nearly completed at the time party moved to amend), *on reconsideration* (Oct. 4, 2000), *adhered to on*

*reconsideration sub nom. Suro ex rel. Suro* v. *United States*, No. 95 Civ. 4778 (NG), 2000 WL 1515173 (E.D.N.Y. Oct. 4, 2000).

Plaintiff devotes the bulk of her letter motion to amend to issues associated with Defendant's counsel having access to her social security number. These claims are frivolous, and would not withstand a motion to dismiss given the high standard to which intentional infliction of emotional distress is held. *See, e.g.*, *United States ex rel. Hussain* v. *CDM Smith, Inc.*, No. 14 Civ. 9107 (JPO), 2018 WL 11217206, at *1 (S.D.N.Y. Jan. 31, 2018) ("[L]eave to amend must be denied here because [plaintiff] has failed to meet his burden to demonstrate that further amendment would not be futile." (collecting cases)). In any event, the claims related to Plaintiff's social security number are entirely unrelated to those in the Complaint. *See, e.g.*, *Amusement Indus., Inc.* v. *Stern*, No. 07 Civ. 11586 (LAK), 2014 WL 4460393, at *12 (S.D.N.Y. Sept. 11, 2014) (denying leave to amend because "[t]he reality is that the proposed claims have nothing to do with the existing claims in this case, and thus, the [m]oving [p]arties are seeking to fold an entirely new litigation into the current one" (collecting cases)). At this late stage in this case and as discovery nears completion, adding collateral claims is unwarranted. Moreover, the Court has already entered a confidentiality order in this case, which order expressly allows for disclosure of confidential information "only for purposes of the [l]itigation." (Dkt. #66 ¶ 13). Confidential information includes social security numbers. (*Id.* ¶ 4). Defendant's counsel is bound by this confidentiality order,

3

and the Court has no reason to believe that counsel will be careless with Plaintiff's personal information.

Turning to Plaintiff's letter motion for a protective order, Plaintiff misunderstands the role that certain discovery devices play in a litigation. The Court is sympathetic to Plaintiff's concerns about the emotional toll a deposition may take. But the fact of the matter is that Defendant is entitled to take Plaintiff's deposition, regardless of her responses to certain interrogatories. (Dkt. #70 at 3). Indeed, Local Civil Rule 33.3 expressly *prefers* depositions over interrogatories. *See* Local Civil Rule 33.3(b) ([I]nterrogatories … may only be served … if they are a *more practical method* of obtaining the information sought than a request for production or a deposition[.]" (emphasis added)). Defendant was not obliged to propound further interrogatories on Plaintiff in lieu of taking her deposition. And though the Court is cognizant of the fact that Plaintiff is proceeding *pro se*, such fact alone does not mean that Defendant is pursuing a deposition for wrongful ends or that Defendant is not otherwise entitled to take Plaintiff's deposition. *See, e.g.*, *Davis* v. *Citibank, N.A.*, No. 12 Civ. 1678 (RWS), 2013 WL 866862, at *4 (S.D.N.Y. Mar. 8, 2013) (requiring *pro se* plaintiff to sit for deposition, and noting that continued refusal to do so may result in dismissal of case). The Court is confident that the parties can work together to find a time for Plaintiff's deposition that is amenable to both parties, whether such deposition proceeds remotely or in-person.

Accordingly, the Court **DENIES** both of Plaintiff's motions. Because Plaintiff's protective order motion relates to discovery in this case and is a novel motion, the Court accepts that Plaintiff perceived a basis to file the motion. However, Plaintiff's motion to amend is another motion in a series of untimely and frivolous motions that Plaintiff has filed over the past eight months. The Court warned Plaintiff in its April 12, 2023 Order that "[i]t will not countenance further motions that are patently untimely, frivolous, or otherwise impediments to the ultimate resolution of this case." (Dkt. #68). Yet, Plaintiff proceeded to file another motion with no legal basis and that was procedurally improper. If Plaintiff continues to file such motions, the Court may dismiss this case for failure to adhere to Court orders.

The Clerk of Court is directed to terminate the pending motions at docket entries 69 and 70.

SO ORDERED.

Dated: May 1, 2023
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge