

30 Ramland Road, Suite 201 Orangeburg, New York 10962    TEL: 845.589.9300    FAX: 845.638.2707

May 25, 2023

**Via ECF**
Hon. Katherine Polk Failla
United States District Judge
Southern District of New York
United States District Court
40 Foley Square
New York, NY 10007

**MEMO ENDORSED**

**Re:   Cadet v. Alliance Nursing Staffing of New York, Inc.
        1:21-cv-03994-KPF**

*Letter Motion for Informal Discovery Conference Pursuant to Ind. Rule of Practice 3(C)*

Dear Judge Failla,

As the Court is aware, we represent Defendant Alliance Nursing Staffing of New York, Inc. ("Alliance" or the "Company"). We write respectfully pursuant to Federal Rule of Civil Procedure 37(a)(3)(B) and the Court's Individual Rule of Practice 3(C) to request an informal conference to address certain deficiencies in the responses of pro se Plaintiff Sherly Cadet to Alliance's first set of interrogatories and document requests. In particular, Plaintiff has failed to provide a computation of damages, as required by Rule 26(a) and requested in Defendant's interrogatories and has failed to provide any records or information regarding her attempts to mitigate damages, as requested in Defendant's document requests. Plaintiff has further refused to confer regarding an expert discovery schedule as required by the Case Management Plan ("CMP").

Although Defendant has attempted repeatedly to ask Plaintiff to cure these deficiencies voluntarily, Plaintiff has failed to do so. In light of the Court's May 23, 2023 Order (ECF No. 76) requiring the parties to complete discovery in accordance with the schedule established by the CMP with the exception of Plaintiff's deposition, Alliance is compelled to seek judicial intervention regarding Plaintiff's deficiencies.

In addition, to address any discovery issues that may arise during Plaintiff's deposition (to the extent it is permitted by the Court of Appeals), Defendant respectfully requests a modification of the CMP to permit fact discovery to continue for 30 days after any such deposition, and also setting the deadline for parties to serve Requests to Admit on the same date.

### 1. Summary of Plaintiff's Failure to Participate Meaningfully in Discovery

Plaintiff has not asserted—and cannot assert—a credible objection to the two discovery requests at issue, which seek mitigation information and a computation of damages that Defendant is undoubtedly entitled to. Indeed, Plaintiff committed to providing the computation of damages

by April 28, 2023 (but has failed to do so). Instead of asserting an objection, Plaintiff has instead simply refused to provide the requested information, despite the repeated opportunities provided by Defendant. Plaintiff further refuses to meet and confer regarding an expert discovery schedule, as required by the CMP. The following brief survey of Plaintiff's failure to participate meaningfully in discovery may be helpful to understanding Plaintiff's intransigence and the importance of judicial intervention at this point, particularly given the June 14, 2023 deadline to complete fact discovery.

Alliance served its first set of interrogatories and document requests on Plaintiff in accordance with the CMP. At Plaintiff's request, Defendant extended the response deadline by 30 days to March 17, 2023, at which time Plaintiff submitted her responses. Plaintiff's production of documents, however, included only references to exhibits previously filed in this action, as well as two one-page letters from a healthcare provider.

On March 31, 2023, Alliance sent Plaintiff a letter, attached hereto as **Exhibit A**, detailing numerous deficiencies in Plaintiff's discovery responses and requesting that Plaintiff cure the deficiencies by April 10, 2023. Plaintiff provided updated discovery responses on April 20, 2023 (10 days after Defendant's requested response date), curing some but not all deficiencies identified in Defendant's March 31 email. In the interim, while failing to respond to Defendant's discovery requests, Plaintiff filed a 21-page single-spaced motion to amend the complaint (ECF No. 69) and a 6-page single-spaced motion for a protective order preventing her deposition (ECF No. 70).[1] Following the Court's denial of these motions (ECF No. 71), Plaintiff filed a notice of interlocutory appeal on May 5, 2023. (ECF No. 72).

Because Plaintiff did not request a stay of proceedings at that time, either from this Court or the Court of Appeals, Alliance planned to proceed with the deposition as scheduled, intending for the sake of efficiency to address the majority of deficiencies in Plaintiff's discovery responses in that forum. To ensure the deposition would be comprehensive, however, Defendant requested by email dated May 8, 2023 and attached hereto as **Exhibit B**, that Plaintiff cure two specific discovery deficiencies necessary to the deposition; namely, those related to a computation of damages and mitigation information. Given the limited nature of the information and the imminence of the deposition (originally noticed for May 4th but rescheduled to May 17th), Defendant requested these supplemented responses from Plaintiff by May 10, 2023.

In response, Plaintiff informed Alliance by email on May 9 that she intended to move the Court of Appeals for a stay of all proceedings on May 10, but that she did not intend to respond or participate in discovery at all until the Court of Appeals resolved that motion. A copy of this email exchange, with unrelated settlement discussions redacted, is attached as **Exhibit C**.

Because the deficiencies are entirely unrelated to Plaintiff's appeal (which seeks only to prevent Plaintiff's deposition), Alliance attempted to persuade Plaintiff to cure the deficiencies voluntarily on May 11. *See* Ex. C at 1. *Cf.* Order, May 18, 2023 (ECF 74) (noting that "this Court is disinclined to stay all deadlines, particularly given Plaintiff's prior motion that this Court rejected dealt only with sitting for a deposition"). When Plaintiff failed to respond, Alliance moved, on

---

[1] It bears mention that, while disregarding her discovery obligations, Plaintiff also made a 51-page single-spaced motion to dismiss certain affirmative defenses on April 10, 2023. (ECF No. 67).

2

May 12, 2023, to modify the discovery schedule due to Plaintiff's unwillingness to participate in *any* discovery and her expressed intention to make a motion to stay proceedings. This request was denied on May 18, 2023—after Plaintiff declined to take a position—with the exception of staying the deadline for Plaintiff's deposition. (ECF No. 76).

On May 18 and May 23, 2023, Alliance again requested that Plaintiff cure the deficiencies on an urgent basis given the Court's Orders. Defendant also again requested that Plaintiff respond to schedule a call for the parties to meet and confer regarding the expert discovery schedule, as required by the CMP (the deadline for which having already lapsed due to Plaintiff's refusal to participate in discovery during the pendency of her appeal). A copy of this email exchange is attached as **Exhibit D**.

At the time of this filing, Plaintiff still has not cured the deficiencies or confirmed a time for parties to meet and confer regarding the expert discovery schedule. Plaintiff accordingly respectfully requests an informal conference, in accordance with this Court's Individual Rule of Practice 3(C) to resolve this dispute and ensure the parties can abide by the CMP.

## 2. The Case Management Plan Should Be Modified Because Plaintiff's Deposition Will Not Be Completed Before the Fact Discovery Deadline

Because the Court has ordered that all discovery except Plaintiff's deposition continue during the pendency of the interlocutory appeal, the issues surrounding Plaintiff's deposition are likely to remain pending beyond the discovery and post-discovery deadlines currently in place. *See* **Exhibit E** (Plaintiff's briefing schedule, requesting a principal brief deadline of August 7, 2023).

To ensure the parties have time to resolve any discovery disputes that may arise as a result of Plaintiff's deposition testimony, Defendant respectfully requests that fact discovery remain open for 30 days following the completion of Plaintiff's deposition—to the extent it is permitted by the Court of Appeals—and that the deadline for the parties to serve Requests to Admit be set on the same date.

We thank the Court for its attention to this matter.

Respectfully,

/s/

George D. Vallas, Esq.

Encl.

cc: Plaintiff *pro se*, Shirley Cadet (sherlycadet1@outlook.com)

In light of Defendant's above letter, the Court believes that an in-person conference with the parties would be beneficial.  Accordingly, the parties are **ORDERED** to attend a Rule 37 conference on **June 1, 2023, at 12:00 p.m.**, in Courtroom 618 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007.

The Clerk of Court is directed to terminate the pending motion at docket entry 77.

Dated:     May 25, 2023               SO ORDERED.
           New York, New York

                                      HON. KATHERINE POLK FAILLA
                                      UNITED STATES DISTRICT JUDGE