UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHERLY CADET,

                  Plaintiff,

-v.-

ALLIANCE NURSING STAFFING OF NEW YORK, INC.,

                  Defendant.

21 Civ. 3994 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

    On October 11, 2023, the Court held a conference to address issues raised by Defendant regarding the progress *vel non* of discovery in this matter. (*See* October 11, 2023 Minute Entry). In this conference, counsel for Defendant represented to the Court that Plaintiff has failed to meaningfully respond to its interrogatories, has failed to produce documents pursuant to its requests for production, and has been otherwise uncooperative with respect to the scheduling of her deposition. (*See* Dkt. #93). Such news was unfortunately not surprising to the Court, which over the past year has contended with Plaintiff's campaign of frivolous filings undertaken with the unspoken purpose of delaying discovery in this matter.

    For context, on September 29, 2022, the Court issued a lengthy opinion ruling on Defendant's motion to dismiss, and permitting Plaintiff to proceed with discovery regarding her claims for hostile work environment, retaliation, and disparate treatment under 42 U.S.C. § 1981 ("Section 1981) and the New York City Human Rights Law (the "NYCHRL"), N.Y.C. Admin Code §§ 8-101 to 8-134. (*See generally* Dkt. #37). Rather than do so, however, Plaintiff has

instead spent the last year filing a host of letter motions seeking, among other things, reconsideration of this Court's decision on Defendant's motion to dismiss (*see* Dkt. #38, 61), leave to amend her complaint to add various causes of action ranging from libel *per se* (*see* Dkt. #41) to intentional infliction of emotional distress (*see* Dkt. #69), and leave to strike Defendant's answer and affirmative defenses (*see* Dkt. #50, 67).

These frivolous motions have been vigorously opposed by Defendant and have required significant attention by the Court. In particular, the Court has issued several extensive orders considering and denying Plaintiff's various letter motions. (*See* Dkt. #40 (order denying Plaintiff's motion for partial reconsideration), 44 (order denying Plaintiff's motion to amend), 62 (order denying Plaintiff's motion to strike and second motion for reconsideration), 68 (order denying Plaintiff's improper "motion to dismiss" Defendant's affirmative defenses), 71 (order denying Plaintiff's motion for leave to amend), 88 (order denying Plaintiff's motion for reconsideration of the Court's order at docket number 71, and for further leave to amend)). As this dilatory strategy has not borne fruit, Plaintiff has apparently shifted her focus to seeking relief from the United States Court of Appeals for the Second Circuit, including by requesting an emergency stay to prevent the Court from holding the October 11, 2023 conference. (*See* Dkt. #72 (notice of interlocutory appeal), 89 (same), 93-1 (notice of "Emergency Motion for an Immediate 'Stay' of All Proceedings in the Hon. District Court (Effective on October 10, 2023)")). Yet each of Plaintiff's appeals has also been dismissed, given this Court has not yet issued a final

order as contemplated by 28 U.S.C. § 1291, and Plaintiff has not shown her entitlement for mandamus relief. (*See* Dkt. #82-1 (order dismissing appeal), 90 (same)). Likewise with Plaintiff's request for an emergency stay, which request was denied by the Court of Appeals on October 11, 2023, with the express instruction that "Appellant [*i.e.*, Plaintiff] is required to comply with the District Court proceedings, including attend[ing] the conference on October 11, 2023." (Dkt. #94). Notwithstanding this directive, Plaintiff refused to attend the conference, stating by email sent to Chambers on October 11, 2023, at 10:11 a.m., that she could not attend due to her dismay and dissatisfaction with this Court's denial of her most recent request for leave to amend in order to add New York wage and hour claims to her Complaint.[1]

Plaintiff's decision, and her history of related dilatory conduct detailed above, has placed the Court in a difficult situation. While Plaintiff represents that she is "seeking justice for [her] civil rights," she has for over a year been completely inattentive to the actual Section 1983 and NYCHRL claims that are at the core of this matter, and has frustrated Defendant's good-faith attempts to move this litigation forward through discovery. And move forward it must, consistent with the mandate of the Court and the parties to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. To that end, the Court will separately endorse Defendant's proposed case management plan so that discovery can proceed. Plaintiff is

---

[1] While Plaintiff's submission was not filed via ECF, the Court read this email submission into the record at the October 11, 2023 conference, and the accompanying transcript will be docketed in due course.

3

reminded of her obligation, under Federal Rules of Civil Procedure 33 and 34, to timely answer Defendant's interrogatories and requests for production regarding her alleged damages and mitigation thereof, which information is material to the resolution of this case. Moreover, Plaintiff must sit for a deposition in this case, as her testimony is also necessary to determining the outcome of her claims.

That said, the Court is cognizant that it is Plaintiff who is the master of her case, and Plaintiff's entitlement to relief is predicated on her decision to participate in discovery. Should Plaintiff fail to do so, in violation of the Federal Rules and this Court's orders, the Court will have no choice but to sanction Plaintiff and dismiss this case. *See* Fed. R. Civ. P. 37 (authorizing sanctions for violations of discovery orders). Without prejudging the matter, the Court advises Plaintiff that such a terminal sanction in this matter would be "just," given Plaintiff's yearlong history of willfully failing to comply with this Court's orders in this matter, in the face of the Court's repeated warnings that Plaintiff's failures to comply risk dismissal of her action. (*See, e.g.*, Dkt. #71, 92). *See Agiwal* v. *Mid Island Mortg. Corp.*, 555 F.3d 298, 302-03 (2d Cir. 2009) ("Several considerations inform a court's analysis of a motion for sanctions under Federal Rule of Civil Procedure 37, including: "[i] the willfulness of the noncompliant party or the reason for noncompliance; [ii] the efficacy of lesser sanctions; [iii] the duration of the period of noncompliance[;] and [iv] whether the noncompliant party had been warned of the consequences of noncompliance." (internal quotation marks and alteration omitted) (quoting

*Nieves* v. *City of New York*, 208 F.R.D. 531, 535 (S.D.N.Y. 2002))). Moreover, given that the Court's prior attempts to compel Plaintiff's participation in discovery have been for naught, and that the discoverable information at issue is material to the determination of both liability and damages in this case, there are no lesser sanctions that would be effective in resolving the noncompliance. *Id.* Ultimately, however, Plaintiff is reminded that none of these measures will be necessary if she simply moves forward with discovery.

## CONCLUSION

Pursuant to the revised Civil Case Management Plan, which plan will be separately docketed, the parties are hereby ORDERED to complete fact discovery on or before **December 4, 2023**, and depositions of fact witnesses on or before **December 8, 2023**. Thereafter, the parties shall appear before the Court for a status conference on **December 19, 2023**, at **10:30 a.m.**, in Courtroom 618 of the Thurgood Marshall United States Courthouse.

SO ORDERED.

Dated:   October 12, 2023
         New York, New York

*Katherine Polk Failla*
_____
KATHERINE POLK FAILLA
United States District Judge

5